UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| KOBY BOYETT | : | CIVIL ACTION NO.: |
| VERSUS | : | |
| BOBBY GUIDROZ, individually and in his official capacity as Sheriff for the Parish of St. Landry AND | : | JUDGE: |
| SAMUEL TIDWELL, individually and in his official capacity as a deputy | : | |
| for the Sheriff of St. Landry Parish | : | MAGISTRATE JUDGE: |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA:

### INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and under the laws of Louisiana against Bobby Guidroz, in his official capacity as the duly-elected Sheriff of the Parish of St. Landry, and Samuel Tidwell, individually and in his official capacity as a deputy and employee of the St. Landry Parish Sheriff.

### JURISDICTION

**1.**

This action for monetary damages is brought pursuant to 42 U.S.C. 1983 as well as the Constitution of the United States and the State of Louisiana, the United States Code, Louisiana Civil Code and the Revised Statutes of Louisiana. Jurisdiction is founded on 28 U.S.C.§ 1331

and 28 U.S.C. § 1343. The plaintiff further invokes jurisdiction of this Honorable Court, under

28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana including

but not limited to Article 2315, *et seq*, of the Louisiana Civil Code.

**2.**

The complaints further allege the Defendants are liable *in solido* (or according to such

determination as the Court may make) to the plaintiff for the damages, costs, fees and expenses

described in this Complaint for the reasons described in the following sections of this Complaint.

**VENUE**

**3.**

Venue lies in this Court under 28 U.S.C. § 1391(b)(2), as the events giving rise to this claim

occurred within this judicial district.

**PARTIES**

**4.**

Made Defendants herein are the following:

a. **BOBBY GUIDROZ**, **in his official capacity as Sheriff for the Parish of St. Landry**, upon information and belief, the duly-elected Sheriff of St. Landry Parish, a person of the full age of majority, and a resident of St. Landry Parish, Louisiana; and

b. **SAMUEL TIDWELL, individually and in his official capacity as a deputy for the Sheriff of St. Landry Parish**, upon information and belief, a deputy employed by the Sheriff of St. Landry Parish, a person of the full age of majority, and a resident of St. Landry Parish

**5.**

The right to a jury trial is herein requested under the Federal Rules of Civil Procedure.

**6.**

On July 9, 2022, Plaintiff, Koby Boyett, was traveling north along Interstate 49 in Lafayette

Parish, Louisiana.

**7.**

While traveling north on I-49 in Lafayette Parish, the Plaintiff was traveling behind a dark SUV with "blacked out windows" but no emergency markings or law enforcement emblems of any kind. The SUV began to repeatedly activate its rear brake lights while in the left passing lane as a result of which the Plaintiff moved into the right lane.

**8.**

Almost immediately, the Plaintiff recalls the SUV switching lanes in front of him (so moving into the right lane) to cut him off, nearly causing a collision. Once able, the Plaintiff moved into the left lane, passed the SUV, and continued traveling north on I-49 in Lafayette Parish. Suddenly and without warning, the Plaintiff noticed the SUV quickly approaching from behind before coming alongside Plaintiff's vehicle where it rapidly slowed and nearly struck Plaintiff's vehicle. The dark SUV then sped up and blocked both lanes of the interstate prohibiting Plaintiff from passing and then activated his right turn signal indicating to Plaintiff to pull over to the shoulder of the road.

**9.**

Both the Plaintiff's vehicle and the SUV at this point pulled onto the shoulder of the road with the SUV still in front. Plaintiff remained in his vehicle with the engine running while the driver of the SUV exited his vehicle and began walking towards Plaintiff's vehicle in an aggressive manner. The Plaintiff was not shown any badge or law enforcement identification by this male individual nor was the male wearing any law enforcement uniform. The Plaintiff recalls the male driver of the SUV was angrily yelling but was inaudible for various reasons including road noise and traffic. At this point, the male driver of the SUV veered into the interstate where he stopped, assumed a "shooter's stance" and pointed a gun directly at the Plaintiff.

**10.**

At this time, fearing for his life, the Plaintiff retrieved a .22 caliber handgun and fired to the right of the individual. Thereafter, the male individual returned to the SUV and Plaintiff drove away.

**11.**

Later that afternoon, the Lafayette Parish Sheriff's Office arrested Plaintiff, Koby Boyett, for allegations of misconduct that occurred along Interstate 49 in Lafayette Parish, Louisiana. Law enforcement officers alleged that the Plaintiff became involved in a "road rage" incident in Lafayette Parish with an "off duty" St. Landry Parish Sheriff's detective named Detective Samuel Tidwell.

**12.**

Following the Plaintiff's arrest, he made multiple requests to the officers for his heart mediation, which was in his vehicle. The officers refused to allow him to be administered his medication, and his multiple requests were denied.

**CAUSES OF ACTION**

**COUNT 1: UNCONSTITIONAL USE OF EXCESSIVE FORCE**

**42 U.S.C. § 1983 Violation of the Fourth Amendment**

**13.**

Plaintiff realleges and incorporates each and every allegation and fact contained above and below as though set forth fully herein.

**14.**

Defendant, Samuel Tidwell, acting under the color of law, used unreasonably excessive force against Plaintiff without a need to do so. Defendant, Samuel Tidwell, an "off duty deputy,"

in an unmarked vehicle, and in no police uniform, embarked on a road rage incident outside of his jurisdiction essentially forcing the Plaintiff to pull to the shoulder of the road following which Defendant drew his gun and pointed it at the Plaintiff. The Defendants' excessive force actions violated the Plaintiff's constitutional rights giving rise to the Plaintiff's claims pursuant to the Fourth Amendment and 42 U.S.C. § 1983 and other applicable laws.

## 15.

Defendant Samuel Tidwell violated the Plaintiff's constitutional right to be free from excessive force. This right was clearly violated at the time the unmarked, blacked out vehicle pulled over the Plaintiff and proceeded to draw and point his weapon at the Plaintiff. Plaintiff did not know or have any visible signs that this individual was a deputy or officer of any kind. In fact, the Plaintiff noted that the SUV had blacked out windows, no emergency lights and no flashers activated when it essentially forced Plaintiff to pull over, and the male that exited the SUV *(now known as Defendant Samuel Tidwell)*, had no outward display that he was a police officer of any kind. The Plaintiff recalls the Defendant yelling excessively and drawing his gun and pointing it at him. These actions clearly constitute excessive force.

## 16.

Nothing the Plaintiff did imposed a threat of this kind to justify Defendant drawing and pointing a weapon at Plaintiff on a busy public highway during daylight hours. In fact, the Plaintiff only retrieved his weapon once he saw the gun being pointed in his direction.

## 17.

As a result of the Defendants' action, Plaintiff was subjected to excessive force and the force used was objectively unreasonable and in violation of clearly established law.

**COUNT II: The St. Landry Parish Sheriff's Failure to Train and Adequately Supervise or Discipline**

**42 U.S.C. § 1983 Violation of the Fourth Amendment**

**18.**

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

**19.**

A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's right were undertaken pursuant to the municipality's policies and customs.

**20.**

At all times material hereto, the Defendant, Samuel Tidwell, was acting in his official capacity as a sheriff's deputy and in the course and scope of his employment for Bobby Guidroz, Sheriff of St. Landry Parish.

**21.**

At all times relevant in this complaint, direct and proximate cause of the damages complained of were caused by the policies, practices, and/or customs developed, implemented, enforced, encouraged, and sanctioned by the St. Landry Parish Sheriff's Department, including the failure:

a. St. Landry Parish's policy of inadequate and improper training and inadequate supervision of the police officers on proper use of excessive force resulted in the constitutional deprivations and damages alleged herein.

b. The St. Landry Parish Sheriff failed to adequately train and failed to adequately supervise or discipline Defendant Samuel Tidwell despite his unlawful conduct reflected herein.

c. The Defendant Samuel Tidwell's lack of training led to the use of excessive force. As a result of the lack of training and the official custom or policies of the St. Landry Parish Sheriff, the Plaintiff's constitutional rights were violated.

**22.**

Defendant Samuel Tidwell's unlawful and unwarranted acts, lack of training, the official customs, or policies of the St. Landry Sheriff's department caused the Plaintiff's constitutional rights to be violated.

**23.**

Plaintiff would show that at all times material hereto, Tidwell was acting individually and/or in his scope of his employment as a agent, servant, and employee of the St. Landry Parish Sheriff although such actions took place outside his jurisdiction and in fact occurred in Lafayette Parish.

**24.**

Plaintiff would further show that Tidwell's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices, and/or procedures of the St. Landry Parish Sheriff, with regard to the use of deadly force for which the St. Landry Parish Sheriff, Bobby Guidroz, knew or should have known, but never provided the requisite or proper training.

**25.**

Moreover, no reasonably competent official would have concluded that the actions of Defendant Samuel Tidwell described here in would not violate the Plaintiff's constitutional rights. In other words, no reasonably prudent police officer under similar circumstances, could have believed that Tidwell's conduct was justified.

**26.**

St. Landry Parish Sheriff's failure to train its officers regarding: (a) the use of proper and appropriate detention and seizure procedures; (b) the use of excessive and/or deadly force; and (c) the proper use of less aggressive means, qualifies for the "single-incident exception" to *Monell's* requirements because the failure to train its officers in those areas presents an obvious potential for a constitutional violation. In short, the failure to train its officers in these areas made it apparent to the City's policymaker that Tidwell's constitutional violations were the highly predictable outcome of the City's conduct.

## COUNT III: ABUSE OF POWER

### 42 U.S.C. § 1983 and the Fourth Amendment

**27.**

Plaintiff incorporates by reference all allegations in the foregoing paragraphs.

**28.**

The Defendant herein engaged in unlawful practice and abused the powers which have been vested in him by the statutes. Defendant Tidwell took undue advantage of his position, which amounts to abuse of power under the State and Federal laws.

## COUNT IV: LOUISIANA CIVIL CODE ARTICLE 2315

**29.**

Plaintiff repeats and re-alleges the allegations in all the proceeding paragraphs as if set forth fully herein.

**30.**

The injuries of Koby Boyett are a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants and/or joint tortfeasor(s) and/or

his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(ies), lessor(s), lessee(s), insured(s) and/or insurer(s) in violation of La. Civil Code Art. 2315.

**31.**

As a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants, Koby Boyett suffered general and/or special and/or punitive damages, including but not limited to pain and suffering, mental anguish and/or distress, great inconvenience, frustration, fear, embarrassment, humiliation, loss of enjoyment of life and society and other damages that will be shown at the trial hereof.

**COUNT FIVE**

**32.**

Foregoing paragraphs are incorporated herein by reference as though fully set forth.

**33.**

Further, plaintiff specifically alleges defendant, Bobby Guidroz as the duly-elected Sheriff of the Parish of St. Landry, condoned the establishment of practices, procedures, customs, and policies, written and unwritten, which allowed the deprivation of plaintiff's constitutional rights as set out herein. Such written and unwritten practices, procedures, customs, and policies include but are not limited to:

(a) Inadequate and improper training, education, supervision, and discipline of law enforcement agents/Deputes/deputies commissioned and employed by him;

(b) Condoning and allowing police behavior that has been declared unconstitutional and unlawful;

(c) Inadequate and improper procedures, policies and practices for identifying and taking appropriate action against law enforcement agents/Deputes/deputies and employees who are in need of re-training, corrective measures, reassignment, or other disciplinary and non-disciplinary actions through a positive and early warning system designed to

prevent the violations of citizens' constitutional and civil rights, including those of plaintiff;

(d) Negligent selection, appointment, and retention of the Defendant Samuel Tidwell;

(e) Failure to conduct appropriate and adequate internal investigations;

(f) Failure to correct a police "code of silence";

(g) Failure to provide a meaningful avenue for independent and impartial internal investigations:

(h) Vicarious liability for the acts and omissions of Samuel Tidwell, under the doctrine of *respondeat superior* and La. C.C. Art. 2317; and

(i) All other acts and omissions which constitute actionable injury, including negligence, intentional negligence and negligence per se under Louisiana law.

**34.**

As a result of their unlawful and unconstitutional conduct, Defendants, Bobby Guidroz, in his official capacity as the duly-elected Sheriff of the St. Landry Parish, Samuel Tidwell, individually and in his official capacity as a deputy and an employee of the St. Landry Parish Sheriff. Defendants herein deprived plaintiff of his civil rights under 42 U.S.C. § 1983. Said defendants are liable, individually, jointly and *in solido*, unto plaintiff for such damages.

**35.**

The malicious actions, lack of actions, breach of duties, negligence and gross negligence of defendants individually and/or together caused physical and emotional harm and ultimately the injuries to Koby Boyett and constitute wrongful and intentional torts under Louisiana Civil Code Articles 2315, 2316, and 2320.

**36.**

The defendant, Bobby Guidroz, as the duly-elected Sheriff of the Parish of St Landry, acted in violation of Louisiana Civil Code Article 2315 and 2316 by negligently hiring, training,

supervising and disciplining of the Defendant, Samuel Tidwell, regarding constitutional rights and/or the use of force.

**37.**

As a direct and proximate cause of the negligence and intentional acts, and constitutional torts and violations of his civil rights under 42 U.S.C. § 1983 and other Louisiana laws, petitioner suffered damages of physical harm and severe mental anguish.

**WHEREFORE**, Plaintiff prays that this petition be filed; that a jury trial be had as to the issues triable by jury; that compensatory damages, including, but not limited to, past, present, and future mental anguish against defendants, individually and in *solido*; punitive damages, individually, that he may be awarded monetary damages against all defendants, individually and in *solido*; that attorneys' fees be awarded unto complainant; that all costs of these proceedings against Defendants, individually, jointly, and in *solido*; and for any and all other relief this Honorable Court deems just and proper in the premises.

Respectfully submitted:

**L. CLAYTON BURGESS, APLC**
605 West Congress Street
Lafayette, Louisiana 70501
Telephone: (337)-234-7573
Facsimile: (337-233-3890

s/L. Clayton Burgess
**L. CLAYTON BURGESS** (#22979)